```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                   VALDOSTA DIVISION
```

A.S.M., *et al.*,                    *

    Petitioners,                 *

vs.                                  *

                                        CASE NO. 7:20-CV-62 (CDL)

WARDEN, Stewart Detention            *
Center, *et al.*,
                                       *

    Respondents.
                                       *

O R D E R

Petitioners are immigration detainees at the Stewart Detention Center ("Stewart") and Irwin County Detention Center ("Irwin"). They allege that the conditions at Stewart and Irwin expose them to a substantial risk of infection from the COVID-19 virus and seek equitable relief either releasing them from custody or requiring the facilities to correct the allegedly unconstitutional conditions. On June 3, 2020, the Court denied Petitioners' motion for a preliminary injunction. Order (June 3, 2020), ECF No. 94. Petitioners now move for reconsideration of that order based on newly discovered evidence. For the following reasons, the Court denies Petitioners' motion (ECF No. 102).

DISCUSSION

Petitioners seek relief from the Court's order under either Federal Rule of Civil Procedure 60(b)(2), which allows courts to grant relief from a final order, or Local Rule 7.6, which arguably

1

does the same for interlocutory orders. Fed. R. Civ. P. 60(b); M.D. Ga. R. 7.6. Both rules permit relief from a previous order when the movant presents "newly discovered evidence that, with reasonable diligence, could not have been discovered" before. Fed. R. Civ. P. 60(b)(2); *see also Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009) (noting that Local Rule 7.6 permits reconsideration if the movant demonstrates that "new evidence has been discovered"). For reconsideration, Petitioners must show that: (1) they discovered the new evidence after the order was entered; (2) they exercised due diligence in discovering the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is likely to produce a new result. *See Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003) (discussing Rule 60(b)(2) requirements).

Petitioners point to the following newly discovered evidence in support of their motion: (1) Petitioner Michael Robinson's recent COVID-19 diagnosis; and (2) Petitioners' allegation that COVID-19 is spreading quickly through Irwin. The Court finds that this newly discovered evidence is cumulative, immaterial, and unlikely to produce a new result. Therefore, reconsideration is not appropriate under either Rule 60(b)(2) or Local Rule 7.6.

In its previous order denying preliminary injunctive relief, the Court concluded that (1) there was insufficient evidence

2

demonstrating Respondents were deliberately indifferent to the risk of a COVID-19 outbreak in Stewart and Irwin, (2) Petitioners' continued detention did not constitute impermissible punishment, and (3) Petitioners' *Accardi* claim failed. The record at that time included evidence indicating that COVID-19 infections were increasing at both Stewart and Irwin and detainees were becoming infected. Nevertheless, the Court found that "an increase in COVID-19 infections is not proof of deliberate indifference," "[d]etention always carries with it the risk of communicable disease outbreak," and "although the coronavirus pandemic is a particularly daunting challenge, Respondents have taken extensive and reasonable measures to reduce the risk of coronavirus spread at Stewart and Irwin." Order 14, 16 (June 3, 2020). Petitioners' "newly discovered evidence" does not change the Court's previous findings or rationale in a material way. Petitioners' "new" evidence still does not support their contention that Respondents have been deliberately indifferent or have subjected Petitioners to impermissible punishment; nor does it bolster their *Accardi* claim. It also does not convince the Court that habeas corpus relief is otherwise appropriate. Because this evidence does not change the Court's previous findings and conclusions in a material way, it does not authorize reconsideration of the Court's denial

of Petitioners' motion for preliminary injunctive relief. Accordingly, Petitioners' motion for reconsideration is denied.[1]

IT IS SO ORDERED, this 23rd day of July, 2020.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] Respondents also argue that Petitioners' motion for reconsideration is untimely under Local Rule 7.6. But because the Court denies the motion on other grounds, it need not decide this issue.

4