## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| A.S.M., *et al.*, : | |
|         Petitioners, : | |
| : | |
| v. : | CASE NO. 7:20-CV-62-CDL-MSH |
| : | 28 U.S.C. § 2241 |
| Warden, IRWIN COUNTY : | |
| DETENTION CENTER, *et. al.*, : | |
| : | |
|         Respondents. : | |

## **ORDER**

Pending before the Court is Respondents' motion to stay discovery (ECF No. 101) pending resolution of their motion to dismiss (ECF No. 100). Petitioners oppose the motion (ECF No. 112). The Eleventh Circuit has noted that:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). While the Court recognizes there is no "per se" rule requiring stay of discovery, "courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending

motion to dismiss." *Moseley v. Sessions*, No.: 2:16-cv-1532017, WL 1682537, at *1-2 (S.D. Ga. May 1, 2017).

Here, the District Judge's order denying Petitioner's motion for preliminary injunction raises grave doubts as to the viability of at least some of their claims. *See generally* Order, June 3, 2020, ECF No. 94. If some of their claims are dismissed, it would eliminate unnecessary lines of discovery and conserve resources of the litigants and the Court. Moreover, any potential prejudice to Petitioners in starting discovery after resolution of the motion to dismiss is tempered by the fact that the parties have already conducted some discovery in connection with Petitioners' motion for preliminary injunction. Therefore, finding good cause, the Court **GRANTS** Respondents' motion to stay discovery (ECF No. 101) pending resolution of their motion to dismiss (ECF No. 100).

SO ORDERED, this 28th day of July, 2020.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE